Daniel, J.
 

 The plaintiff, a creditor of the testator Jesse H. Simmons, has, in his own name and for his own benefit, filed this bill against the executor of the said Jesse for an account of the assets &c. The administrators of James Halliday, another creditor, are made parties defendants. The bill, (in addition to the debt due to the plaintiff in his own right) alleges that the plaintiff was master in chancery for Halifax county, and that Jesse, the defendant’s testator, had acted as his deputy in the said office, and in that character ’had lent to one James Simmons $ SCO, a sum of money belonging to the said office; and that the executor of the said Jesse, had a large demand against the said James, and had obtained a judgment against him for it, including the particular sum belonging to the masters office, borrowed by the said James as aforesaid. The bill further states, that the estate of the said testator is insolvent, and that the administrators of Halliday are prosecuting their claim, by an action, at law, against the executor of the said Jesse. And that the plaintiff is apprehensive that the said administrators will obtain a judgment, and subject all the assets in the hands of the executor of the said Jesse, and also the sum due from James Simmons, including the money borrowed by him from the master’s office, before he, the plaintiff, can put his claim in a situation to receive any part of the said assets. The bill prays a decree for an account against the executor of Jesse H. Simmons, and that the assets be brought into court and distributed: and it prays, that the court will enjoin Halliday’s administrators from proceeding at law. Halliday’s administrators demurred to the bill. The court overruled the demurrer — but allowed the-said administrators to appeal from the decision to this court;
 

 .First,
 
 as to the $300 and interest, money received by James Simmons. The demurrer admits that it was trust money which belonged to the plaintiff’s office, and which the deputy Jesse permitted James Simmons to take and use. That money, with its interest, the executor has not as yet
 
 *131
 
 collected. He, it is true, has obtained a judgment against James Simmons on account of debts due his testator’s estate, which includes this sum of $300, and interest. But as this trust fund is identified, we think that it belongs to the plaintiff, and-that he may rightfully pursue and take it, and that the executor should permit him to receive it. The executor cannot be made liable for the amount oí this judgment as assets, until he has collected it, or has negligently omitted his duty in collecting it. As the $300 and interest never belonged to his testator, and it was included in the judgment by mistake, his (the executors) permission of the right owner raow to take if, can never subject him to any loss on the score of negligence.
 

 Secondly, the bill does not charge, that the administrators -of Balliday are particularly endeavoring to subject the executor of Jesse H. Simmons, to that sum of moneyas assets, which James .Simmons obtained from the master’s office.
 

 The said administrators are only endeavoring to obtain a judgment at law for their debt,' and to subject such assets to its satisfaction as properly belong to the estate of the testator. This they had a right to do, without being made a party to a bill like this, or to be enjoined by any case made in and by this bill. Had the plaintiff filed what is called in England the tisual creditor’s bill, in behalf of himself and
 
 all
 
 or the
 
 rest
 
 of the creditors, against the executor for an account of the estate of Jesse H. Simmons, and had obtained an interlocutory decree
 
 for an
 
 account thereupon, then he, or any of the said creditors, or the executor, might, by petition or motion on affidavit in the cause, have obtained an injunction against any-one or more of the creditors, who might have attempted to proceed at law against the executor. All the creditors would, after a decree to account in such a bill, be compelled to come in before the master, and prove their debts there. And the court would, on the report of the master being made, have decreed the entire assets of the estate, to be paid out to the creditors in a course of
 
 legal
 
 administration. But that’.course has not been pursued by the plaintiff; and we think that the court erred in overruling the demurrer of Holliday’s administrators. This opinion will
 
 *132
 
 be certified, with directions that the decree be reversed, and the demurrer sustained. See Story’s Equity Pleader, 97, where the authorities on this subject are all collected.
 

 Per Curiam, .Ordered accordingly.